## QUIGLEY v. SOUTHWICK.

(Supreme Court, Appellate Term. May 29, 1912.)

1. INNKEEPERS (§ 11*)—EXISTENCE OF RELATION.

Defendant kept a furnished rooming house, and lived in the basement with her family, and rented the other rooms by the week, but did not serve meals. Plaintiff hired a room on the second floor, a window of which opened upon the roof, from which one could easily enter her room,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and some one entered while she was absent, from Saturday afternoon until Sunday night, and stole some goods. *Held*, that the relation of innkeeper and guest did not exist between plaintiff and defendant, so that defendant was only liable for the goods in case of negligence.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. § 11.*]

2. INNKEEPERS (§ 11*)—LODGING HOUSE KEEPERS—LIABILITY.

A lodging house keeper is only liable for goods taken from the room of a roomer if stolen by the lodging house keeper's failure to exercise such care as a reasonably prudent person would exercise over his own property.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Catherine Quigley against Ada H. Southwick. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Myers, Hartman & Schuhmann, of New York City (David C. Myers, of New York City, of counsel), for appellant.

Patrick J. Walsh, of New York City, for respondent.

PAGE, J. This action was brought to recover the value of goods stolen from the room of the plaintiff, which she had hired from the defendant. Judgment was given on the theory that the defendant was liable as an innkeeper.

[1] The defendant kept a furnished room house at 116 West Eleventh street. She lived in the basement with her family, and rented the other rooms in the house by the week. No meals were served. The plaintiff hired a room on the second floor, a window of which opened upon the roof of an extension, from which a person could easily enter plaintiff's room. In February, 1911, plaintiff was absent from this room from Saturday afternoon until Sunday night. On leaving she testified that she locked her door and placed the key in a drawer in a table in the lower hall, where she had been instructed to leave it. She was not positive that she closed the window in her room. When she returned, her wearing apparel and personal belongings had been taken. From these facts it is very clear that the relation that existed was not that of innkeeper and guest.

[2] A lodging house keeper is only liable for negligence; that is, for a failure to exercise such care as a reasonably prudent person would exercise over his own property. Willard v. Reinhardt, 2 E. D. Smith, 148; Siegman v. Keeler, 4 Misc. Rep. 528, 24 N. Y. Supp. 821; Gilbert v. Williams (Sup.) 107 N. Y. Supp. 715. There is no allegation of negligence in the complaint, and, if there were, there is not evidence sufficient to sustain such a cause of action.

The judgment is therefore reversed, with costs, and the plaintiff's complaint dismissed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes